No. 7—2333. Village of Hyde Park v. Corwith. This was an action of debt brought by appellee against appellant upon a condemnation judgment rendered in favor of appellee, on Dec. 29, 1873, for the sum of $1,017.45, for land of appellee condemned for the purpose of opening a certain street, in pursuance of an ordinance of the village of Hyde Park ordering the opening of said street, and providing that the cost of said improvement be paid wholly by means of special assessment. The right of the appellee to recover under the allegations contained in his declaration, was determined in his favor by this court in Corwith v. Village of Hyde Park, 14 Bradwell, 635. The decision then made on the questions of law arising on the record and discussed by the court, controls most of the questions now presented. It is urged, however, that the proof introduced does not sustain the allegation of the declaration, that after the rendering of the condemnation judgment, the village took possession of the portion of appellee's lot condemned, with appellee's consent. The evidence conclusively establishes that the village took possession of the land and improved it in connection with adjacent property as a street, and that the public entered upon its use as such street. Appellee testifies that he knew the village went upon the lot, and built a sidewalk thereon, and were using it as a street, and that he did not object. This was evidence from which consent to possession by the village might well be implied, and there being no contrary evidence on the record, the question of the possession of the village having been taken by appellee's consent was properly treated, by the court below, as a fact wholly uncontroverted, so far as to any issue made by the evidence. The refusal of the court below to instruct the

jury, at appellant's request, that the special assessment proceedings for the purpose of raising the amount necessary to pay the damages awarded appellee for the land taken were still pending, and that the jury should find the debt upon the judgment sued on to be the amount of such judgment, less the amount assessed as benefits against the portion of appellee's lot not taken, as appeared from the assessment roll introduced in evidence, was not error. Affirmed. Opinion by MORAN, J. Judge below, SIDNEY SMITH. Attorneys, for appellant, Mr. HENRY V. FREEMAN; for appellee, Mr. CONSIDER H. WILLETT. Opinion filed Dec. 8, 1886.